OPINION OF THE COURT
Sidney Rosen, J.
Petitioner, Boulevard I Housing Corp., is a corporation organized pursuant to the Limited Profit Housing Companies Law of New York and is subject to the rules and regulations governing city-aided limited profit housing companies promulgated by the Division of Housing and Community Renewal (DHCR).
Petitioner, relying upon the provisions of the aforesaid rules and regulations, instituted this holdover proceeding to recover *352 possession of apartment 6D at premises 2040 Bruckner Boulevard, Bronx, New York. The petition alleges that Albert McQueen, the tenant of record, has vacated the premises and that the respondent, Natalie McQueen, is not entitled to continue in possession of the apartment.
Respondent brought this motion to dismiss the proceeding and has set forth three grounds:
1. The court lacks subject matter jurisdiction.
2. The petition fails to state a cause of action.
3. Petitioner has failed to exhaust its administrative remedy.
In her affidavit, respondent claims to have moved into the apartment of her brother, Albert, in February 1986 because he was ailing and she desired to look after him and at the same time have a permanent place to live. Respondent is a nurse’s aide. She further states that Albert died unexpectedly on May 30, 1986 and that since then she has remained in occupancy of the apartment. It is alleged by her that the petitioner was aware of her occupancy and has accepted rent checks from her.
Based on the foregoing, counsel for respondent contends that it was incumbent upon the petitioner to obtain a certificate of eviction from the New York City Department of Housing Preservation and Development (HPD) prior to the commencement of this proceeding as required by article XVII, § 1 of the rules and regulations of DHCR and that its failure to do so divests this court of jurisdiction.
That section provides in pertinent part: "No eviction proceeding based upon a holdover or a breach of the terms of the lease or occupancy agreement, other than for non-payment of * * * [rent, etc.] * * * shall be initiated by a housing company against a residential tenant/cooperator without the issuance of a certificate of eviction by HPD following an administrative hearing by an HPD designated hearing officer.”
Opposing counsel asserts that the cited section applies solely to proceedings against a tenant/cooperator and not to the within proceeding involving a person who is neither a tenant nor cooperator.
Whether such certificate of eviction was required preliminarily is determinative of all of the issues raised by the instant motion to dismiss for all of the grounds are predicated on the alleged failure of the petitioner to obtain a certificate of eviction from HPD.
*353 Several provisions of the DHCR rules and regulations specifically speak to this issue.
Article II, § 15 (b) (1) prohibits a tenant/cooperator from permitting an individual to cooccupy an apartment with him without the prior written approval of both the housing company and HPD. "No tenant/cooperator shall permit a person to co-occupy the tenant/cooperator’s apartment without first obtaining the written approval of the housing company and HPD, except as specified in Section 16 of this Article regarding family members”.
The occupancy of the apartment without the necessity of obtaining the prior written approval of the housing company and HPD is limited to the immediate family members of the tenant/cooperator (art II, § 16 [a]) and that section defines immediate family as parents, spouses and children, including adopted children of the tenant/cooperator.
A family member, such as in this case, the sister of the tenant/cooperator, is not regarded as an "immediate family member”.
Occupancy by a family member, as distinguished from an immediate family member, is governed by section 16 (1) which provides: "Notwithstanding the foregoing, if a tenant/cooperator seeks to add a family member to his or her household, other than a spouse or minor child, he or she must first obtain the written approval of the housing company and HPD”.
There has neither been any proof submitted nor any allegation that the respondent obtained written approval from the petitioner or HPD prior to her taking up residence in the apartment. In the absence of such proof of prior approval, her occupancy was without legal authority. At best, her status visá-vis this petitioner is that of a licensee. As such, respondent, Natalie McQueen, does not come within the protective provisions of article XVII, § 1 which is applicable to proceedings instituted against tenant/cooperators.
The proceeding was properly commenced without the necessity of having obtained a certificate of eviction from HPD prior thereto.
The motion of respondent to dismiss this proceeding is, accordingly, denied, with costs to the petitioner to abide the event of the action.
Trial of this action shall proceed in Part 18D of this court on October 1, 1987 at 2:00 p.m.